**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

THOMAS SAMUEL WALLACE,

      Plaintiff - Appellant,

  v.

COUNTY OF MARICOPA; STATE OF
ARIZONA; UNKNOWN PARTY, Named
as Mayor of Phoenix; UNKNOWN PARTY
2, Named as Chief of Police; BRANDY
THWING, Detective #7686,

      Defendants - Appellees.

No. 24-1976

D.C. No. 2:23-cv-01108-SRB--
MTM

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted July 15, 2025[**]

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

    Arizona state prisoner Thomas Samuel Wallace appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional violations arising during his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Wallace's conditions-of-confinement claim because Wallace failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (explaining that, to constitute punishment, the governmental action must cause harm or disability that either significantly exceeds or is independent of the inherent discomforts of confinement); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68, 1071 (9th Cir. 2016) (holding that pretrial detainees may sue prison officials for injuries under the Fourteenth Amendment and setting forth objective deliberate indifference standard for Fourteenth Amendment claims);

The district court properly dismissed Wallace's excessive force claim because Wallace failed to allege facts sufficient to show that the officer's use of force was objectively unreasonable. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (an excessive force claim requires the pretrial detainee to show that "the force purposely or knowingly used against him was objectively

unreasonable"); *Bell v. Williams*, 108 F.4th 809, 819 (9th Cir. 2024) (setting forth factors to consider in determining whether the use of force against a pretrial detainee was objectively unreasonable).

Wallace's motion for appointment of counsel (Docket Entry No. 11) is denied.

**AFFIRMED.**